Opinión disidente emitida por la
Jueza Asociada Señora Fiol Matta,
a la cual se unen el Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez.
Disiento de la decisión que hoy emite la mayoría de este Tribunal. En la Opinión mayoritaria se cita parcialmente el Artículo 6.001 del Código Electoral de Puerto Rico para el Siglo XXI, 16 L.P.R.A. sec. 4061. Por disponer lo perti-nente a los derechos y prerrogativas de los electores, lo omitido en la Opinión mayoritaria es de crucial importan-cia para la controversia que hoy atiende este Tribunal. En el texto íntegro que cito a continuación, la porción omitida se incluye en itálicas:
Reconocemos como válidos y esenciales los siguientes dere-chos y prerrogativas a los efectos de garantizar el libre ejerci- *245 ció de la franquicia electoral, así como lograr la más clara expresión de la voluntad del pueblo:
3. El derecho del elector al voto íntegro, el voto mixto, al voto por candidatura y a la nominación directa de personas a cargos públicos electivos bajo condiciones de igualdad en cada caso, conforme se define en [esta ley]. 16 L.P.R.A. sec. 4061(3).
Esta igualdad, de derechos es la que me impide refren-dar la Opinión mayoritaria, que se aleja del análisis integral del Código Electoral para brindar una interpretación restrictiva que desfavorece y lacera la participación democrática. El rol de los observadores es servir como guardianes del voto de la ciudadanía. Tal como lo reconoció el Tribunal de Apelaciones, esta disposición busca proteger el derecho del elector a la libre emisión del voto y a que éste se cuente y se adjudique de la manera en que el elector lo emita. La participación de los observadores en los comicios electorales no sólo protege el derecho del elector que decide libremente votar por un candidato particular sino que asegura y salvaguarda nuestra democracia.